LONNIE SHAWHART V. STATE

No. 25724. February 27, 1952.

Hon. Richard D. Bird, Judge Presiding.

*James L. Cutcher*, Childress, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of possessing intoxicating liquor for the purpose of sale in a dry area and assessed a fine of $500.00 and sixty days in jail.

The record discloses that appellant and the county attorney failed to agree on a statement of facts and that the judge of Childress County prepared a statement of facts and filed the same.

A Mr. Hightower, father-in-law of appellant, resided on a farm in the northwest part of Childress County. Several officers who testified in the case went to the farm and asked permission to search the premises, which was granted with the exception of an unoccupied building situated near the residence which was generally used for farm hands. The officers searched this house and found fifty-two lugs, each containing eight half-pints of liquor.

The state called Mr. Hightower as a witness who stated that he rented the farm from the defendant. He worked it for a per cent of the crops. Defendant furnished the equipment used in the farming operations while the witness looked after the stock and the feed that was in the barn, as well as the crops. He said he had charge of the house he lived in and the barn and cow shed, but that he had no connection with the shack in which the liquor was found, though he did state that he kept cotton seed in the shack and a part of the time had his meat in it. He said that the defendant customarily came out to the farm once or twice a week, until his little boy got hurt, but had not been there for three or four weeks prior to the time the officers searched the premises. The shack was not in an inclosure and the witness said: "As far as I know, anyone could have put the liquor in the shack." He admitted that he had as much opportunity to put the liquor there as anyone.

The defendant was not the owner of the land but apparently had acquired it from a Mr. Caviness who lives in Colorado.

No witness testified to ever having seen appellant in the shack where the liquor was kept. We fail to find in this evidence any circumstance indicating that appellant was in possession of the premises or the liquor. Mr. Hightower stated that the land belonged to Mr. Caviness who had visited the premises the previous year. The state did not ask the witness if he knew who had control of the shack.

In our view the state wholly failed to make a case by its evidence and the judgment of conviction is reversed and the cause is remanded.